UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

(COLUMBIA DIVISION)

MARK H. WELLS, Plaintiff,

v.

1. UNITED STATES OF AMERICA; 2. HON. PETE HEGSETH, in his official capacity as Secretary of Defense;

3. HON. DANIEL PATRICK DRISCOLL, in his official capacity as Secretary of the Army;

4. U.S. DEPARTMENT OF THE ARMY; 5. COLONEL DAVID O. ANGLIN, in his official capacity as Commander US Army Claims Service;

Defendants.

Case No.:3:26-cv-01402-MGL-SVH

VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

I. INTRODUCTION: NATURE OF THE ACTION

1. An APA Challenge to Administrative Overreach: This is a civil action for declaratory and injunctive relief brought pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 701 et seq., and the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(1), to set aside unauthorized and legally void administrative actions pertaining to Claim No. 25-061-T045.

2. Post-Service Administrative Injury: This case challenges a 2026 administrative injury: the deprivation of a perfected claim through the exercise of unauthorized power and the reliance on unpromulgated, undefined rules.

3. The Illegal Exercise of Authority by Michael W. Davis: The administrative denial issued on January 14, 2026, is void *ab initio* because Michael W. Davis acted without proper authority. Davis issued the denial under the title "Chief, Tort Claims Settlement Branch"—a position that lacks a statutory or regulatory basis in the Federal Register. Under 32 C.F.R. § 536.7(g)(2), the authority to deny claims "will not be delegated" except to USARCS Division Chiefs.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702.

5. Venue is proper in the District of South Carolina pursuant to 28 U.S.C. § 1402(b) and § 1391(e)(1), as the Plaintiff resides in Elgin, South Carolina.

## III. STATEMENT OF FACTS

6. The Underlying Administrative Nullity: The "incident" before this Court is the 2026 administrative misconduct, the unauthorized exercise of power, and the documented refusal to adjudicate according to regulation.

7. Binding Certification of Perfection: On December 9, 2025, Col. Erik C. Oksenvaag, acting as a proxy for the President, officially certified that Claim No. 25-061-T045 was "perfected" and "currently under review" (See Exhibit B). This certification bound the Army to a lawful completion of that review.

8. Formal Notice of Valuation: Following the certification of perfection, Plaintiff formally amended the claim to reflect an updated sum certain of $75,000,000.00, providing the Defendants with clear and timely notice of the perfected claim's valuation (See Exhibit C).

9. Unauthorized Administrative Action: On January 14, 2026, Michael W. Davis issued a void denial while lacking the legal capacity and authority required by 32 C.F.R. § 536.7(g)(2) (See Exhibit A).

10. The Unpromulgated Bar and Usurpation of Judicial Power: In the denial (Exhibit A), Mr. Davis explicitly "invoked" the judicial *Feres* doctrine—an act he is not permitted to perform as an executive official. He utilized an "incident to service" bar that has never been substantively defined in the Federal Register, violating 5 U.S.C. § 552(a)(1), and a statute of limitations bar while ignoring the mandatory consideration of equitable tolling.

11. The Refusal to Settle and Breach of Mandatory Duty: On March 30, 2026, Col. David O. Anglin issued a final refusal (See Exhibit E) after being notified of the apparent illegal denial, which he did not correct with facts or evidence, stating the Army "will not settle" the claim. Per 32 C.F.R. § 536.3, "settle" is defined as the act of paying *or* denying a claim; thus, this communication constitutes a formal admission of a refusal to adjudicate.

12. The Regulatory Double Standard: This refusal violates the mandatory duty under 32 C.F.R. § 536.9, which requires the agency to consider a claim under "all potential bases for recovery." The Defendants are engaged in an unlawful double standard: they utilize court-made rules (*Feres*) to deny claims, yet refuse to utilize court-made rules (Equitable Tolling) to achieve a meritorious adjudication—a direct violation of the Army Claims Mission defined in § 536.6(b).

13. Evidence of Factual Ignorance: In the March 30 refusal (Exhibit E), the Commander erroneously referred to the decedent (Plaintiff's wife) as the Plaintiff's "daughter," providing *prima facie* evidence that the Defendants failed to conduct the review certified by the Presidential Proxy.

14. Filing Fees Paid Under Protest: Plaintiff paid the required filing and service fees under protest, pending the resolution of the constitutional challenges related to the underlying administrative process (See Notice of Constitutional Challenge).

## IV. CLAIMS FOR RELIEF

15. COUNT I: VIOLATION OF 5 U.S.C. § 552(a)(1) (ABSENCE OF PUBLISHED AUTHORITY)

16. COUNT II: VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. § 706)

## V. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

1. Declare the 2026 denials void *ab initio*;

2. Order the production of the Presidential Tasking Instruction (Tasker) referenced in Exhibit B;

3. Issue an Order to Show Cause directed to the Secretary of the Army to address the egregious administrative violations documented herein and to consider whether these failures constitute a total procedural default that warrants treating the perfected claim as an unliquidated debt in the sum certain of $75,000,000.00;

4. Grant such other and further relief as the Court deems just and proper.

## VI. VERIFICATION

I, Mark H. Wells, declare under penalty of perjury that I am the Plaintiff and the foregoing is true and correct.

Executed on April 2, 2026

Mark H Wells
196 Jeffers Cir
Elgin SC 29045

803 606 9584
Mhwells@bellsouth.net